IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 15-cv-01315-MJW

DAVID GEORGE,

Plaintiff

v.

BONNIE LEIGHTON, REAL ESTATE BROKER, SOUTHWEST REALTY
BARBARA SMITH, BROKER/OWNER SOUTHWEST REALTY
COLORADO REAL ESTATE NETWORK, INC., and
JOYCE ANN WAYMAN

Defendant.

---

**DEFENDANT JOYCE ANN WAYMAN'S ANSWER TO COMPLAINT**

---

COMES NOW the Defendant, Joyce Ann Wayman, through counsel, Christopher P. Kenney, Esq. of Christopher P. Kenney, P.C. and hereby submits the following Answer to Plaintiff's Complaint. Defendant states as follows:

**FIRST DEFENSE**

1.  Plaintiff's complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

2.  Defendant is without sufficient information to form a belief as to the truth of the allegations contained in the jurisdiction paragraphs of the Complaint and numbered paragraphs, including subparts as follows: 1, 2, 3, 4, 6, 7, 9, 10, 11, 12, 15, 17, 18, 20, 21, 22, 23, 24, 25, 26, 27, 30, 31, 32, 34, 41, 48, 56, 58, 59 and 60 of Plaintiff's complaint and therefore denies same.

3.      Defendant denies the following numbered paragraphs including subparts contained in Plaintiff's Complaint as follows: 5, 8, 14, 35, 36, 37, 38, 39, 42, 43, 44, 45, 46, 49, 57, 61 and 62.

4.      Defendant denies any and all allegations to which a response has not been previously provided herein.

5.      Defendant reincorporates her responses previously provided in response to paragraphs 33, 40, 47 and 55 of Plaintiff's complaint.

6.      With regard to the allegations contained in paragraph 16, Defendant denies the first sentence of the paragraph. As regards the second sentence of the paragraph, Defendant believes the home was listed in May 2011. As regards the third sentence, upon information and belief, Defendant believes that permission was given by the Plaintiff to use photos that Plaintiff sent directly to Bonnie Leighton and/or Barbara Smith and in fact that Plaintiff directed and insisted that such photos be used. Defendant denies all remaining allegations in this paragraph.

7.      With regard to the allegations contained in paragraph 19, Defendant is without sufficient information to form a belief to the truthfulness of the first sentence and therefore denies same. Defendant denies the second sentence. Defendant is without sufficient information to form a belief to the truthfulness of the allegations of the third sentence and therefore denies same.

8.      With regard to the allegations contained in paragraph 28 and 29, Defendant states that the hard drive and/or disc referred to in these paragraphs is owned by the Defendant not the Plaintiff. This Defendant used that disc primarily for music. Defendant did not know that Plaintiff had put photographs on her disc until sometime after Plaintiff did so. Defendant denies all remaining allegations in these paragraphs.

## ADDITIONAL DEFENSES

9. Plaintiff has failed to mitigate his damages, if any.

10. Defendant is innocent and not willful.

11. Plaintiff's claims are barred by operation of the doctrine of license, consent and acquiescence.

12. Plaintiff's claims are barred by operation of the doctrine of fair use.

13. Plaintiff's claims are barred by the applicable statute of limitations for federal copyright actions.

14. Plaintiff's claims are barred based on the doctrine of "fair use."

15. Plaintiff's claims are barred by lack of subject matter jurisdiction because of invalid copyright registrations or alternatively, not proper or timely registration of works.

16. Plaintiff's claims are barred by operations of the doctrine of laches, estoppel, unclean hands and waiver.

17. Plaintiff's claims are barred by operation of the provisions of the D.M.C.A.

18. Plaintiff's claims are barred by the doctrine of authorized use.

19. Plaintiff's claims are barred because Defendant is not a direct infringer nor an infringer of any sort.

20. Plaintiff's claims are barred by operation of the doctrine of misuse of copyright.

21. Plaintiff's claims are barred by the doctrine of exhaustion.

22. Defendant is entitled to attorney's fees under the act and for the institution of frivolous and groundless litigation.

23. Plaintiff's work was made for hire.

24. Defendant incorporates by reference herein, the defenses set forth by the other

defendants, to the extent that said defenses nay be applicable to this defendant.

25.  Defendant notes that the Complaint filed with this Court is missing page 10 and does not contain paragraphs 50 – 54 and therefore no response is required thereto. To the extent a response is deemed required, Defendant denies any and all liability asserted in said paragraphs.

**WHEREFORE**, having answered the complaint, Defendant requests that the Court enter judgment in Defendant's favor and that the Defendant be awarded her costs, attorney's fees, expert witness fees, and any other relief the Court deems just and proper.

DATED this 17th day of August, 2015.

        Respectfully submitted,

        CHRISTOPHER P. KENNEY, P.C.
        *s/ Christopher P. Kenney*
        Duly signed original on file
        Christopher P. Kenney, #19831
        3650 S. Yosemite St., #409
        Denver, CO  80237
        303-504-4191

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing pleading was served upon all parties of record in this case, either via Pacer or via US Mail, postage prepaid on this 17th day of August, 2015 to:

All parties of record.

        *s/ Kalee A. Taylor*
        Kalee A. Taylor