**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-01315-MJW

DAVID GEORGE,

    Plaintiff,

v.

BONNIE LEIGHTON,
BARBARA SMITH,
COLORADO REAL ESTATE NETWORK, INC., and
JOYCE ANN WAYMAN,

    Defendants.

---

**DEFENDANT COLORADO REAL ESTATE NETWORK INC.'S ANSWER AND
AFFIRMATIVE DEFENSES**

---

Defendant, **COLORADO REAL ESTATE NETWORK, INC. (CREN)**, through undersigned counsel, **ROGER F. SAGAL**, of the law firm **SAGAL LAW GROUP, LLC**, hereby answers and responds to Plaintiff's Complaint and Jury Demand as follows:

## JURISDICTION

With respect to Plaintiff's statements regarding this Court's jurisdiction, CREN admits that it does business in the State of Colorado. CREN denies it committed any tortious conduct or violations of law in Colorado or anywhere else. CREN is without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Plaintiff's statement of jurisdiction, and therefore denies them.

1. CREN denies the allegations contained in numbered Paragraph 1.

2. CREN denies the allegations contained in numbered Paragraph 2 as they relate to CREN. CREN is without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 2 and therefore denies them.

3. CREN is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 3 and therefore denies them.

4. CREN is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 and therefore denies them.

5. CREN is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 and therefore denies them.

6. CREN is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6 and therefore denies them.

7. Paragraph 7 does not contain an allegation that is capable of admission or denial.

8. CREN denies the allegations contained in Paragraph 8 and its subparts as they relate to CREN. CREN is without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 8 and therefore denies them.

9. CREN is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 and therefore denies them.

10. CREN is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 and therefore denies them.

11. CREN is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 and therefore denies them.

12. CREN is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12 and therefore denies them.

(The Complaint does not contain a numbered Paragraph 13)

14. CREN is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 and therefore denies them.

15. CREN is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 and therefore denies them.

16. CREN is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 and therefore denies them.

17. With respect to the allegations contained in Paragraph 17, without admitting any liability to Plaintiff, CREN admits that certain photographs over which Plaintiff claims a copyright were published on a multiple real estate listing service maintained by CREN pursuant to the terms of agreements made between CREN and its Firm Participants. Also without admitting any liability to Plaintiff, CREN avers that Southwest Realty is a Firm Participant in CREN's multiple real estate listing service. The remainder of the allegations contained in Paragraph 17 are denied for lack of sufficient knowledge or information sufficient to form a belief about their truth.

18. CREN is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18 and therefore denies them.

19. CREN is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19 and therefore denies them.

20. CREN is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 20 and therefore denies them.

21. CREN is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 21 and therefore denies them.

22. CREN denies the allegations contained in Paragraph 22 and all subparts.

23. Paragraph 23 appear to contain a statement of opinion generally regarding historic use of "names" and "watermarks" that does not require a response. To the extent a response is required, the statement contained in Paragraph 23 are denied.

24. CREN admits that it has permission to display images published on its multiple listing service pursuant to the terms of agreements made between CREN and its Firm Participants. CREN denies the remainder of the allegations contained in Paragraph 24 and its subparts.

25. CREN admits it is not responsible to pay Plaintiff damages. The remainder of the allegations contained in Paragraph 25 are denied.

26. CREN is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 and therefore denies them.

27. Paragraph 27 contains statements that are in the nature of a request by Plaintiff to modify his complaint that does not require a response. To the extent a response is required, CREN denies the statements contained in Paragraph 27.

28. CREN is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 28 and therefore denies them.

29. CREN is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 29 and therefore denies them.

30. CREN is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 30 and therefore denies them.

31. CREN is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 31 and therefore denies them.

32. CREN is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 32 and therefore denies them.

33. CREN restates and incorporates by reference its answers to the allegations contained in Paragraphs 1 through 32.

34. CREN is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 34 and therefore denies them.

35. CREN denies the allegations contained in Paragraph 35.

36. CREN denies the allegations contained in Paragraph 36 and its subparts.

37. CREN denies the allegations contained in Paragraph 37.

38. CREN denies the allegations contained in Paragraph 38.

39. CREN objects to the prayer for relief contained in Paragraph 39 and further requests that Plaintiff's complaint be dismissed with prejudice, that Plaintiff take nothing therefrom, and that CREN be awarded its attorney fees, costs, including expert witness fees, and all other relief the Court deems just and proper.

40. CREN restates and incorporates by reference its answers to the allegations contained in Paragraphs 1 through 39.

41. CREN is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 41 and therefore denies them.

42. CREN denies the allegations contained in Paragraph 42.

43. CREN denies the allegations contained in Paragraph 43.

44. CREN denies the allegations contained in Paragraph 44.

45. CREN denies the allegations contained in Paragraph 45.

46. CREN objects to the prayer for relief contained in Paragraph 46 and further requests that Plaintiff's complaint be dismissed with prejudice, that Plaintiff take nothing therefrom, and that CREN be awarded its attorney fees, costs, including expert witness fees, and all other relief the Court deems just and proper.

47. CREN restates and incorporates by reference its answers to the allegations contained in Paragraphs 1 through 47.

48. CREN is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 48 and therefore denies them.

49. CREN denies the allegations contained in Paragraph 49.

50. CREN denies the allegations contained in Paragraph 50.

51. CREN denies the allegations contained in Paragraph 51.

52. CREN denies the allegations contained in Paragraph 52.

53. CREN denies the allegations contained in Paragraph 53.

54. CREN objects to the prayer for relief contained in Paragraph 54 and further requests that Plaintiff's complaint be dismissed with prejudice, that Plaintiff take nothing therefrom, and that CREN be awarded its attorney fees, costs, including expert witness fees, and all other relief the Court deems just and proper.

55. CREN restates and incorporates by reference its answers to the allegations contained in Paragraphs 1 through 54.

56. CREN is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 56 and therefore denies them.

57. CREN denies the allegations contained in Paragraph 57.

58. Paragraph 58 contains an assertion of law that does not require a response. To the extent a response is required, the allegations of Paragraph 58 are denied.

59. Paragraph 59 contains assertions of law that do not require a response. To the extent a response is required, the allegations of Paragraph 59 are denied.

60. CREN denies the allegations contained in Paragraph 60.

All allegations not specifically admitted herein are denied.

**WHEREFORE**, Colorado Real Estate Network, Inc. requests that Plaintiff's complaint be dismissed with prejudice, that Plaintiff take nothing therefrom, and that CREN be awarded its attorney fees, costs, including expert witness fees, and all other relief the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim against CREN for which relief can be granted.

2. Plaintiff's claims are barred by the doctrine of laches, estoppel, unclean hands, and waiver.

3. Plaintiff granted a license to others, including CREN, to use photographs allegedly taken by him for marketing the subject property.

4. Plaintiff's claims are barred by the applicable statute of limitations.

5. Plaintiff's claims are barred under the doctrine of "fair use".

6. Plaintiff's claims against CREN are frivolous, groundless, and vexatious.

7. Plaintiff failed to mitigate his alleged damages, if any.

8. Any copyright infringement relating to Plaintiff's photographs was committed by others and not CREN.

9. All affirmative defenses asserted by any defendant are hereby adopted and incorporated by reference.

10. CREN reserves the right to assert additional affirmative defenses and its investigation of the case and discovery proceeds.

DATED at Ridgway, Colorado this 18th day of August, 2015.

Roger F. Sagal

Name of Attorney

Sagal Law Group, LLC

Firm Name

PO BOX 1168

Office Address

RIDGWAY, CO 81432

City, State, ZIP Code

(970) 596 4258

                                      Telephone Number
                                      roger@sagalgroup.com

                                    Primary CM/ECF E-mail Address

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 18th day of August, 2015, a true and correct copy of the above and foregoing **DEFENDANT COLORADO REAL ESTATE NETWORK INC.'S ANSWER AND AFFIRMATIVE DEFENSES** was electronically filed with the Clerk of Court using CM/ECF system and served on all parties and counsel of record.

                                      /s/ Roger F. Sagal