IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 15-cv-01315-MJW

DAVID GEORGE,

Plaintiff

v.

BONNIE LEIGHTON,
BARBARA SMITH,
COLORADO REAL ESTATE NETWORK, INC., and
JOYCE ANN WAYMAN

Defendant.

---

### DEFENDANTS BARBARA SMITH'S AND BONNIE LEIGHTON'S MOTION TO DISMISS AND/OR MOTION TO QUASH SERVICE

---

Defendants Barbara Smith and Bonnie Leighton ("Defendants"), by and through counsel, Franklin D. Patterson of Frank Patterson & Associates, P.C., submit the following Motion to Dismiss and/or Motion to Quash Service pursuant to F.R.C.P. 12(b). In support, Defendants provide as follows:

**Certification Pursuant to D.C. COLO. LCIVR 7.1:** The undersigned has conferred in good faith with Plaintiff, counsel for Colorado Real Estate Network, Inc. (CREN), and counsel for Joyce Ann Wayman regarding the relief requested herein. Counsel for CREN and Joyce Ann Wayman have no objection to the relief requested herein. Plaintiff has advised he has arranged for the second service of process and will not move for default against Defendants. *See* **Exhibit A**. However, Plaintiff does not appear to agree to Defense counsel's suggestion of a stipulation that prior service was inadequate and that Plaintiff will have service completed properly. *See* **Exhibit A**. Thus, in abundance of caution, Defendants file this Motion.

## INTRODUCTION

1. On June 19, 2015, Plaintiff filed his Complaint for Copyright Infringement naming Barbara Smith and Bonnie Leighton as defendants, among others. No civil action for infringement of copyright shall be instituted until the alleged infringed copyright is registered in accordance with Title 17. *See* 17 U.S.C.S. § 411(a).

2. On August 5, 2015 and August 18, 2015, Plaintiff purported to serve Barbara Smith and Bonnie Leighton, respectively, with a copy of the Summons and Complaint. However, the copy of the Complaint was only 13 pages and did not include the allegedly infringed copyrights' registration numbers. *See* **Exhibit B** Affidavit of Barbara Smith and **Exhibit C**; **Exhibit D** Affidavit of Bonnie Leighton and **Exhibit E**. Additionally, when Defendants were asked to waive service in July of 2015, they also received only 13 pages of the Complaint, also without the alleged infringed copyrights' registration numbers. *See* **Exhibit B**, **Exhibit D**, and **Exhibit F**.

3. The Complaints served on these defendants differ markedly from the Complaint filed with the Court. The Complaint for Copyright Infringement Plaintiff filed with the Court is 25 pages long and includes the alleged infringed copyrights' registration numbers. *See* June 19, 2015 Complaint, at pp. 20, 22, 25. (Document 1 of Court docket.) Defendants also note that the Complaint filed with the Court skips from page 9 to page 11 or from paragraph 49 to paragraph 55 whereas the copies Defendants received had a page 10. *See* June 19, 2015 Complaint, at pp. 10-11; *contra* **Exhibit C**, at p. 13 and **Exhibit E**, at p. 13.

4. From the Plaintiff's Complaint filed with the Court, it is clear he intentionally excluded the alleged infringed copyrights' registration numbers from the Complaint served on the Defendants as he states attachments following his Complaint are "[t]o be presented at

discovery to defendants." June 19, 2015 Complaint at p. 18. (Document 1.) Indeed, in conferring regarding this Motion, Plaintiff stated: "The documents about the copyrights and such were submitted as exhibits not as part of the complaint on my part." **Exhibit A**. This demonstrates Plaintiff intentionally did not serve Defendants with a full copy of the complaint, which includes the exhibits. Further, after the issue of improper service was brought to Plaintiff's attention, it appears on August 20th, he attempted to fax Defendants a full copy of the complaint. *See* **Exhibit G**. This is clearly not proper service under F.R.C.P. 4(e). Therefore, Defendants Barbara Smith and Bonnie Leighton have not been served with a properly issued summons and copy of the Complaint and request this Honorable Court quash the purported service upon them, or in the alternative enter an order of dismissal against them.

## ARGUMENT AND AUTHORITY

The Federal Rules of Civil Procedure 12(b) states in part:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:…(4) insufficient process;(5) insufficient service of process…

F.R.C.P. 12(b)(4)-(5). The required documents to be served are addressed in F.R.C.P. 4(c)(1): "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies of the person who makes service."

"Rule 4 prescribes the procedures for properly issuing and serving a summons (*see Ch. 4, Summons*). A defendant may move to dismiss the complaint or quash the service of process when the plaintiff fails to comply with the requirements of Rule 4. While a Rule 12(b)(2) motion challenges the existence of jurisdiction over the *person* served, a Rule 12(b)(4) motion challenges the *form* of process, and a Rule 12(b)(5) motion challenges the *method* of serving

process (*see § 12.31*). Courts generally treat Rule 12(b)(4) and (5) as more or less interchangeable, but when a defendant shows improper service of process, the motion to quash will be granted." 2-12 Moore's Federal Practice - Civil § 12.33 (emphasis in original) (internal citations omitted).

Based on the Complaint served upon Defendants, Plaintiff cannot bring this action for copyright infringement as the Complaint does not demonstrate the copyrights have been registered as required by 17 U.S.C.S. § 411(a). *See* **Exhibit C** and **Exhibit E**. In the absence of a waiver of service, F.R.C.P. 4(e)(2) requires that a copy of the summons and complaint be served. It is axiomatic that a full copy of the complaint, including the exhibits, must be served upon a defendant. *See* F.R.C.P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.") Plaintiff has not complied with the provisions of C.R.C.P. 4. Defendants were not properly served with a full copy of the Complaint for Copyright Infringement, and in fact, Plaintiff did not intend to produce a full copy until during discovery. *See* June 19, 2015 Complaint, at p. 18. (Document 1.) Plaintiff did not furnish the necessary copies to the person making service. In filing this Motion, Defendants expressly reserve all other defenses that may be available to them. Therefore, this Court should enter an order quashing the purported service upon Defendants, or in the alternative, dismiss the action against them.

WHEREFORE, Defendants, Barbara Smith and Bonnie Leighton, request that this Honorable Court quash the purported service upon them, or in the alternative, enter an order of dismissal against them, together with any other orders it deems just in the premises.

Respectfully submitted this 21st day of August, 2015.

FRANK PATTERSON & ASSOCIATES, P.C.


By: *s/ Franklin D. Patterson*
Franklin D. Patterson
Lindsay M. Dunn
FRANK PATTERSON & ASSOCIATES, P.C.
5613 DTC Parkway, Suite 400
Greenwood Village, Colorado 80111
Telephone: (303) 741-4539
Email:fpatterson@frankpattersonlaw.com;
ldunn@frankpattersonlaw.com
Attorneys for Defendants Bonnie Leighton and Barbara Smith


**CERTIFICATE OF SERVICE**

I hereby certify a true and correct copy of the foregoing was filed electronically in the United States District Court this 21st day of August 2015, with instructions to serve the following:

David George
2525 Arapahoe Avenue, E4-245
Boulder, CO 80302

Christopher P. Kenney, Esq.
Christopher P. Kenney, P.C.
3650 S. Yosemite, Suite 409
Denver, CO 80237

Roger F. Sagal, Esq.
Sagal Law Group, LLC
P.O. Box 1168
259 S. Charlotte Street
Ridgeway, CO 81432

*s/ Rachel M. Salabak*
Rachel M. Salabak
Email: rsalabak@frankpattersonlaw.com