FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2015 JUN 19   PM 1:49

JEFF? M'? COLWELL
CLERK

BY_____DEP. CLK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.   '15 – CV – 01315

(To be supplied by the court)

DAVID GEORGE _____, Plaintiff,

v.

BONNIE LEIGHTON, REAL ESTATE ,
BROKER, SOUTHWEST REALTY

BARBARA SMITH BROKER/ OWNER ,
SOUTHWEST REALTY

COLORADO REAL ESTATE NETWORK, INC ,

JOYCE ANN WAYMAN ,

_____

_____

_____ ,

_____ , Defendant(s).

**The Plaintiff hereby demands a trial by jury on all issues so triable.**

---

### COMPLAINT FOR COPYRIGHT INFRINGEMENT

---

Plaintiff David George, a private semi retired photographer sues Bonnie Leighton Real Estate Broker, Barbara Smith, Owner of Southwest Realty of Cortez, Co, Colorado Real Estate Network, Inc, a Colorado corporation and Joyce Ann Wayman (collectively known as the defendants) and alleges as follows:

**EXHIBIT**

**G**

## JURISDICTION

Jurisdiction is asserted pursuant to following statutory authorities:

Court has subject jurisdiction of this action pursuant to 28 U.S.C. §1331 (federal question) and 28

U.S.C. § 1338 (patents, copyrights, trademarks and unfair completion)

The court has personal jurisdiction over the defendants as the tortuous conducts were done in the

State of Colorado, the property photographed is located in Colorado and with the majority of the

defendants are licensed and doing business in the state of Colorado.

The venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because the events or

omissions causing this claim occurred or where completed in the District and the majority of the

defendants and or their agents can be found in the state.

## NATURE OF THE ACTION

1.    These matters arise under the United States Copyright Act of 1976, the Digital

       Millennium Copyright Act of 1998 and their amends.

2.    The Plaintiff alleges that each Defendant is liable for:

       (a)   direct copyright infringement in violation of 17 U.S.C.§§ 106 and 501; and

       (b)   providing false copyright information, distributing or importing false copyright

              information and intentionally altered the copyright information displayed to the

              public in violation of 17 U.S.C.§ 1202 (a)(b)

       (c)   contributory copyright infringement and

       (d)   vicarious copyright infringement

1

## PARTIES

3. The Plaintiff is a semi retired photographer: 2525 Arapahoe Avenue, E4-245, Boulder, Colorado 80302.

4. Defendants are known to the Plaintiff by their registered business names and addresses within the state of Colorado with the exception of Joyce Ann Wayman.

5. Joyce Ann Wayman, 9150 West Irma Lane, Peoria, AZ 85382

6. Joyce Wayman listed a phone number, email and address on Probate Court documents in Arizona. She has refused certified mail and not responded to emails when using the information on the Probate documents. She has failed to provide any conflicting contact information and no forwarding information is available.

7. reserved

## JOINDER

8. Pursuant to Fed. R. Civ. P. 20(a)(2), each of the Defendants was properly joined. The details are set forth later in this complaint. The Plaintiff asserts that

(a) each of the Defendants is jointly and severally liable for the infringement activities caused or performed by other Defendants;

(b) the alleged infringements were done repeatedly over a course of time and by a series of transactions.

(c) All alleged infringements involved images on multiple occasions with the Defendants seemingly acting together and

2

(d) there are common questions of law and fact. The case involves the images of the Plaintiff being used multiple times without permission, indeed the broker had been notified in writing to stop using them. Months later there were still on her local website and multiple real estate sites served by her MLS and syndication services.

## BACKGROUND FACTS

9.    The Plaintiff owns the copyrights of the images.

10.   The Plaintiff is the owner of the United States Copyright Registrations of the images.

11.   The homeowner (Joyce Ann Wayman) was required to own or have permission to use images for the purpose of listing a property for sale, rent or lease under Section 10.4 of the Colorado approved listing agreement. She had no license or permission in May 2012.

12.   The listing was modified or changed on several occasions. The change documents state the homeowner agrees that all the listing information is correct thus violating section 10.4 every change. MLS continued to use the Plaintiff's images with the copyright change.

14.   The Broker (Bonnie Leighton) without contacting the Plaintiff used images that did not belong to her or to the homeowner to list the property sometime May 2012 as Southwest Realty reported to sites.

15.   The broker failed to obtain the disclosure from the homeowner (Joyce Ann Wayman) in writing as required by the Colorado Listing agreement section 10.4 at any time.
      (A) The date of the last discovery of image usage was May 18, 2015 on the Trulia site. A notice was filed with Trulia Legal Department May 18, 2015.

3

16. Images of the property were submitted to several brokers in the early part of 2011 for a CMA of the property. The house was not listed with SW Realty till months later. No license was granted for MLS type listings nor was there permission to change copyright notices, claim ownership or give others licenses to do so.

17. The broker upon listing the property in May of 2012 as reported by multiple sites promptly used many of the images. The images were posted on the MLS (Colorado Real Estate Network, Inc). Other sites received the images via the agency syndication service.

18. The Broker was contacted late June 2012 for removal of images. She agreed but exceeded the time limit because she was "swamped". A short extension was granted.

19. The broker misinformed the Plaintiff about her actions. The Broker and Joyce Ann Wayman purposely withheld the listing of the property and the use of the images from the Plaintiff in May of 2012. The images were still on the broker and brokerage sites in late November 2012.

20. Other sites such as Zillow, Trulia, Realtor.com, CIRsearch and others were still using the images as late as May 2013. The sites report the records are updated every 24 to 48 hours and some changes require "human intervention" to remove the images. No requests to remove images were reported. Southwest Realty continued to ignore the contacts.

21. The Plaintiff worked to remove the images in the spring of 2013. The listing was pulled by the broker as reported by the sites in June of 2013 a full year after the notice to stop using the images. However it was reported as sold later.

4

22.     The MLS (Colorado Real Estate Network, Inc.) purposely changed or altered the CMI information and misinformed people about the ownership of the images by placing their name/logo on the images without permission of the copyright holder which is suggestive of ownership:

     (A) They generated income by using their name on the Plaintiff's images.

23.     Names and watermarks have been used by owners of images to inform the public that they own the image for decades. The public perception would be a claim of ownership.

24.     The MLS, Colorado Real Estate Network, Inc.,(CREN) claims they had permission to use and alter the images because the broker supplied it to them under their Terms of Service.

     (A) CREN distributed the Plaintiff's images widely.

     (B) CREN's name implies ownership/license to the general public and realtors.

25.     CREN states they are not responsible for damages as they have an indemnity clause with the brokerage.

26.     An unknown lease holder of an IP address was used to facilitate changes download copyrighted materials. That IP is being addressed in another copyright claim with Joyce Wayman. See 32.

27.     The Plaintiff asks the court's leave to modify and adjust the complaint pending new information concerning Joyce Ann Wayman and others as Defendants.

### MISCELLANIOUS

28.     Defendant Joyce Ann Wayman physically removed a hard drive from the Plaintiff's control which contained thousands of images belonging to the Plaintiff in May of 2012.

29.   Joyce Ann Wayman acknowledged taking the disk however stated it was in error and would return the hard drive so the images could be recovered. The drive has not been produced as of this date.

   (A)   She has failed to respond to numerous attempts to contact her including refusing certified mails and emails.

30.   Among the images on the hard drive are the images used for the listing. The house images had also been uploaded to the Broker in early 2011. See Item 16.

31.   The images had not been published by the rightful copyright holder as defined by the United States Copyright Office definitions.

32.   Defendants Joyce Ann Wayman is one of the defendants of another copyright infringement case yet to be filed in this court for multiple images not related to this action.

## FIRST CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
(Direct Infringement)

33.   The Plaintiff incorporates the allegations in the foregoing paragraphs.

34.   The Plaintiff is the owner of the Registrations for the original images.

35.   The Plaintiff did not authorize, permit or provide consent to the defendants to copy, reproduce, grant licenses, redistribute, perform, take or display the images.

36.   In the foregoing results each defendant violated the Plaintiff's exclusive right to

   (A) Reproduce the images in copies, in violation of U.S.C. §106(1) and §501;

6

(B) Redistribute copies of the images to the public by sale or other transfer of ownership or by leasing or licensing in violation of 17 U.S.C. § 106(3) and 501;

(C) Display the images in violation of U.S.C.§106(5) and §501 and 17 U.S.C.§ 101 definition of publicly display.

37. Each of the defendants committed copyright infringement "willfully" within the context of U.S.C. § 504(2).

38. The defendants' misconduct offends public policy and deceives the public as to the ownership of the images in violation of 17 U.S.C.§ 1202(a)(1)(2) and U.S.C. §1202(b)(1-3).

39. The Plaintiff requests the Court:

(A) order that each defendant delete and permanently remove the images relating to the Plaintiff's images of the property from each of the computers controlled, possessed, or in their custody. Order defendant Wayman to produce the images she removed from the custody of the Plaintiff by providing the uncompromised hard drive she removed to the Plaintiff for image removal. Upon any failure to produce or having destroyed the images find the defendant guilty of willful infringement and willful destruction of personal property. Damages to be determined upon finding of the condition of removed disk and images.

(B) award the Plaintiff either its actual damages and any profits from each Defendant including fees, commissions, rental income, lease income or any other income from the property during the time of the use of the images pursuant to 17

7

U.S.C. § 504(a)(b) or statutory damages in the amount of $ 150,000 per image per violation pursuant to 17 U.S.C. § 504(a)(c) plus statutory damages in the amount of $ 50,000 per image for two violations each pursuant to 17 U.S.C. § 1203(c)(3) whichever is greater.

(C) award the Plaintiff all reasonable fees and costs

(D) grant the Plaintiff any and all other and further relief the Court deems just and proper.

## SECOND CLAIM FOR RELIEF

### AND SUPPORTING FACTUAL ALLEGATIONS
(DMCA Violations)

40.    The Plaintiff incorporates the allegations in the foregoing paragraphs.

41.    The Plaintiff is the owner of the Registrations for the original images.

42.    The Plaintiff did not authorize, permit or provide consent to the defendants to copy, reproduce, grant licenses, redistribute, perform, take, change copyright information or display the images.

43.    Each of the defendants committed copyright infringement "willfully" within the context of 17 U.S.C. § 504(c)(2).

44.    The defendants' misconduct offends public policy and deceives the public as to the ownership of the images in violation of 17 U.S.C.§ 1202(a)(1)(2) and U.S.C. §1202(b)(1-3).

45.    In the foregoing results each defendant violated the Plaintiff's exclusive right to

(A) Reproduce the images in copies, in violation of U.S.C. §106(1) and §501;

8

(B) Redistribute copies of the images to the public by sale or other transfer of

ownership or by leasing or licensing in violation of 17 U.S.C. § 106 and 501;

(C) Display the copyrighted images in violation of U.S.C.§106 and §501 and 17

U.S.C.§ 101 definition of publicly display.

46.    award the Plaintiff either its actual damages and any profits from each Defendant

including fees, commissions, rental income, lease income or any other income from the

property during the time of the use of the images pursuant to 17 U.S.C. § 504(a)(b) or

statutory damages in the amount of $ 150,000 per image per violation pursuant to 17

U.S.C. § 504(a)(c) plus statutory damages in the amount of $ 50,000 per image for the

two violations each pursuant to 17 U.S.C. § 1203(c)(3) whichever is greater.

(A) award the Plaintiff all reasonable fees and costs

(B) grant the Plaintiff any and all other and further relief the Court deems just and

proper.

## THIRD CLAIM FOR RELIEF

### AND SUPPORTING FACTUAL ALLEGATIONS
(Contributory Infringement)

47.    The Plaintiff incorporates the allegations in the foregoing paragraphs.

48.    The Plaintiff is the owner of the Registrations for the original images.

49.    The Plaintiff did not authorize, permit or provide consent to the defendants to copy,

reproduce, redistribute, perform, take or display the images.

U.S.C. § 504(a)(b) or statutory damages in the amount of $ 150,000 per image

per violation pursuant to 17 U.S.C. § 504(a)(c) plus statutory damages in the

amount of $ 50,000 per image for two violations each pursuant to 17 U.S.C. §

1203(c)(3) whichever is greater.

(C) award the Plaintiff all reasonable fees and costs

(D) grant the Plaintiff any and all other and further relief the Court deems just and

proper.

### FOURTH CLAIM FOR RELIEF
### AND SUPPORTING FACTUAL ALLEGATIONS
(Vicarious Infringement)

55.   The Plaintiff incorporates the allegations in the foregoing paragraphs.

56.   Plaintiff is the owner of the Registrations for the original images.

57.   The Plaintiff did not authorize, permit or provide consent to the defendants to copy,

reproduce, grant licenses, redistribute, perform, take or display the images.

58.   Under Colorado Department of Regulatory Agencies (DORA) regulations the employer

broker/owner of an agency "shall exercise control, authority and direction" of the brokers

working for the agency. The agency and the owner had a financial interest in the sale of

the property.

59.   The listing broker has control of the images used for the listing, the duty to inform the

client of the rules under 10.4 and not accept images without fulfilling that obligation.

That includes not allowing the homeowner to use or approve non licensed or non owned

images unless the Broker and the agency takes full responsibility of any and all damages

11

for any claim of copyright infringement for using unlicensed or non-owned images. The

listing broker has a financial interest in transactions concerning the property.

60.    The MLS(CREN) has control of their members including providing the system, the rules

and review of the broker's use of the system. The MLS generates income from the use of

the images and listing information. The MLS controls the action of changing the CMI

and posting of their name on the images for the general public. The MLS controls how

the broker inputs the listing and images, scrapes the broker's site and pulls the

information directly, dictates the rules but has no system to check or make the broker

verify the images are owned or properly licensed other than a small note buried in the

Terms of Service.

## REQUEST FOR RELIEF

61. Plaintiff requests the following relief:

62. The Plaintiff respectfully requests that this Court enters judgment against Defendants:

(A). Finding that each defendant is jointly and severally liable for direct copyright

infringement, DMCA violations, contributory and vicarious infringements for each other

Defendant.

(B). find that multiple copyright violations occurred as the images were used after

contacts with the listing broker to remove them failed and the images were being

updated or refreshed every 24 to 48 hours.

12

(B). awarding the Plaintiff either actual damages and any profits made by each defendant pursuant to 17 U.S.C. § 504 (a)(b) or statutory damages in the amount of $150,000 per image per violation pursuant 17 U.S.C. § 504(a)(c) whichever is greater:

(C) award the Plaintiff statutory damages in the amount of $ 50,000 per image for two violation each for  DMCA Copyright Management 17 U.S.C.§ 1203(C)(3)

(D). require defendant Joyce Ann Wayman to produce the uncompromised hard drive she removed to allow the images to be recovered. Upon any failure to produce or having destroyed the images find the defendant guilty of willful infringement for all images on disk including all images of the house and willful destruction of personal property with damages assessed at that time.

(E). awarding the Plaintiff reasonable fees and costs

(F). granting the Plaintiff any and all further relief the Court deems just and proper.

**The Plaintiff hereby demands a trial by jury on all issues so triable.**

Date:  _6/19/2005_


_____
(Plaintiff's Original Signature)

2525 Arapahoe Avenue, E4-245
(Address)

Boulder, Co 80302
(City, State, ZIP)

303-547-2031
(Telephone Number)

13

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
### for the
### District of Colorado

| | | |
|---|---|---|
| David George | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Bonnie Leighton et al | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:  Barbara Smith/Southwest Realty
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

### Why are you getting this?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within __30__ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

### What happens next?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:  6/19/2015

_____
*Signature of the attorney or unrepresented party*

DAVID George
*Printed name*

David George
2525 Arapahoe Ave, E4-245
Boulder, Co 80302
*Address*

dlgeorge1@gmail.com
*E-mail address*

303-547-2031
*Telephone number*

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | | |
|---|---|---|
| David George | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Bonnie Leighton et al | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:   Jeff Follis/ Colorado Real Estate Network, Inc.
   *(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within   30   days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:   6/19/2015

*Signature of the attorney or unrepresented party*

David George
*Printed name*

David George
2525 Arapahoe Ave, E4-245
Boulder, Co 80302
*Address*

dlgeorge1@gmail.com
*E-mail address*

303-547-2031
*Telephone number*

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the

District of Colorado

| | | |
|---|---|---|
| David George | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Bonnie Leighton et al | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:  Joyce Ann Wayman

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within  30  days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:  6/19/2015

_____
*Signature of the attorney or unrepresented party*

DAVID George
*Printed name*

David George
2525 Arapahoe Ave, E4-245
Boulder, Co 80302
*Address*

dlgeorge1@gmail.com
*E-mail address*

303-547-2031
*Telephone number*

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
### for the
### District of Colorado

|  |  |  |
| --- | --- | --- |
| David George | ) |  |
| *Plaintiff* | ) |  |
| v. | ) | Civil Action No. |
| Bonnie Leighton et al | ) |  |
| *Defendant* | ) |  |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:  Bonnie Leighton

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

### Why are you getting this?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within  _30_  days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

### What happens next?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:  _6/19/2015_

_____
*Signature of the attorney or unrepresented party*

David George
*Printed name*

David George
2525 Arapahoe Ave, E4-245
Boulder, Co 80302
*Address*

dlgeorge1@gmail.com
*E-mail address*

303-547-2031David
*Telephone number*

**As required by local rules verification of the ability to file suit in copyright case. To be presented at discovery to defendants**

| | | |
|---|---|---|
| **Document 1** | Certificate of Registration Travels 2012 | 165 Images |
| **Document 2** | Certificate of Registration Travels 2011 | 158 Images |
| **Document 3** | Certificate of Registration Travels II 2010 | 172 Images |

# Copyright Image name information

| Copyright registration name | Camera file | Work Title | |
|---|---|---|---|
| 1. Home | DSCN1336 | Travels 2012 | 165 photos |
| 2. Home 2 | DSCN 1285a | Travels 2011 | 158 photos |
| 3. UTE | DSC5548 | Travels 2 2010 | 172 photos |
| 4. 5RC157 | DSCN1331 | Travels 2 2010 | 172 photos |
| 5. 5RC52 | DSC2625 | Travels 2 2010 | 172 photos |
| 6. 5RC160 | DSC2658 | Travels 2 2010 | 172 photos |
| 7. 5RC155 | DSC1260 | Travels 2 2010 | 172 photos |
| 8. 5RC51 | DSC2624 | Travels 2 2010 | 172 photos |
| 9. 5RC53 | DSC2671 | Travels 2 2010 | 172 photos |
| 10. 5RC56 | DSC5092 | Travels 2 2010 | 172 photos |
| 11. 5RC171 | DSC2661 | Travels 2 2010 | 172 photos |
| 12. 5RC58 | DSC5119 | Travels 2 2010 | 172 photos |

| Work Title Registration Number: | | |
|---|---|---|
| Travel 2012 165 photos | VAu 1-121-760 |
| Travels 2011 158 photos | VAu 1-122-364 |
| Travels II 2010 172 photos | VAu 1-156-361 |

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VAu 1-121-760**

**Effective date of
registration:**

February 22, 2013

---

## Title

**Title of Work:**  Travels 2012, 165 photos

**Contents Titles:**  Aches3; Arches15; Arches; Arches1; Arches10; Arches11; Arches13;
Arches14; Arches16; Arches17; Arches4; Arches5; Arches6; Arches7;
Arches8; Arches9; Archesdragon; Archesdragon1; ArchesHut;
Archeslongdistant; Archestower; Archestower2; Baldeagle; Canyonland;

Canyons; Cara; Coloradocortez; ColoradoMountains; Delores;
DeloresNorth; Deloresriver; FallinUray; FallinUray2; Gc1; GC10; GC11;
GC12; GC13; GC14; GC15; GC16; GC17; GC18; GC19; GC2; GC20;
GC21; GC22; GC23; GC24; GC25; GC26; GC27; GC28; GC29; GC3;
GC30; GC31; GC32; GC33; GC34; GC35; GC36; GC37; GC38; GC39;
GC4; GC40; GC41; GC42; GC43; GC44; GC45; GC46; GC47; GC48;
GC49; GC5; GC50; GC51; GC55; GC56; GC58; GC59; GC6; GC60; GC61;
GC62; GC64; GC65; GC66; GC67; GC68; GC69; GC7; GC70; GC71;
GC72; GC73; GC74; GC75; GC76; GC77; GC9; GCSS; GCss1; GCss2;
GCSS3; GCSS4; GCSS5; GCSS6; GCSS7; GCsunset; GCSunset2;
GCSunset3; GCtree; GCtree2; GCtree3; Giraffe; GrandCanyon5;
GrandCanyon6; GrandCanyon8; GrandCanyonevening; GrandCanyonsunset;
GrandCanyonSunset1; GrandCanyonTree; HighintheRockies; Home;
Homebackyard; Hut; LeavingUray; LeavingUray2; MiningUray;
MonumentValley; MonumentValley2; MonumentvalleyD700;
MonumentValleytree; Moon in Cortez; MooninCortez; Mountainmeadow;
MountainVillage; MountainVillage2; ReversedBlueHeron;
Sunsetintherockies1; Telluridecreek; Telluridemeadow; Tellurideski;
Tellurideskilift; Tellurideslide; Topofthemountain; TowerSunset; Urayroad;
Uraycreek; Urayfromthemountain; Urayminedoor; Uraypark; Urayslide;
Urayuppercreek; Uraywater; Ute; Waiting; Walkinghome; YellowcreekUray;
YellowwaterUray;

## Completion/Publication

**Year of Completion:**  2012

## Author

---

| | |
|---|---|
| **Author:** | David George |
| **Author Created:** | photograph(s) |
| **Work made for hire:** | No |
| **Citizen of:** | United States |
| **Year Born:** | 1951 |

**Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** David George

2525 Arapahoe Avenue, E4-245, Boulder, CO, 80302, United States

## Certification

**Name:** David George

**Date:** February 22, 2013

**Correspondence:** Yes

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VAu 1-122-364

**Effective date of
registration:**

February 28, 2013

## Title

**Title of Work:** Travels 2011   158 photos

**Contents Titles:** Alligator; Antelope; Archeswall; B&Wwindmill; B&WGBHeron; Babyblue;
Barninwinter; BCFall; Bea; Beachpier; Beachrunner; Beamoon; Bears;
Bridge; BrokenPier; BrokenPier1; BrokenPiersunset; Butterfly; Cabin1;
Cabin2; Cabin3; Cabin4; Cabin5; Cabin6; Cabin7; Cabin8; Cabin9;
Cabin10; Cabin12; Casper; Casper1; Casper2; Casper3; Casper4; Casper5;
Chestnut; Chestnut1; Chestnut3; Christmastree; Co1; Co2; Co3; Co4; Co5;
Co6; CoSunset; Coupleonthebeach; Cresentmoon; Digging; Digging1;
Driftwood; Duck; Dunedin; Dunedincauseway; Durango1; Durango2;
EgretLunch; ErieSunset; Fall; Father&son; Flmoonsunset; FlSunset;
Flsunset1; Flsunset2; Flsunset3; Flsunset4; Flsunset5; Flsunset6; Flsunset7;
Flsunset8; Flsunset9; Flsunset10; Flsunset11; Flsunset12; Flsunset15;
Flsunset16; Flsunset17; Flsunset18; Flsunset19; Flsunset20; Flsunset21;
Flsunset22; Flsunset23; Flsunset24; GB1; GBHeron; GBHeron2;
GBHeron4; GBHeronTree; GBinFlight; GC90; Greatblueheron;
Greatbluesunset; GreenAlligator; Green Heron; Gull; HDRChestnut;
Home2; Homeshot; HoneymoonB&W; Horseshoes; Hotel; Hummingbird;
Onthetrain; Kingfisher; LoneCone; Manandhishorse; Mandarin; MesaVerde;
MMVTree1; MMV10; Mountainouthouse; Mountainroad; Muleybuck;
NightHeron; Ospreyatdusk; Ospreybuzz; OspreyCouple; Ospreysunset;
Paradise1; Paradise2; PD1; Pelican; Pier1; OrientalPier; Quarter; Quarter1;
Rattlesnake; RedWolf; Roadrunner; Reflections; Roadtorock;
RockeatingRock; Schoolhouse; Skimmersinflight; Snowy; Snowybreakfast;
Stormclouds; Story; SunsetChestnut; SunsetChestnut1; Theeye; Tiger1;
Tomâ€™spump; Ty; Ty1; Vase; Waiting; WatchingYou; Waterfall;
WaterinWinter; Wavescrashing; Welcome; Whiteegret; Whiteegret1;
WildTurkeys; Wondering

## Completion/Publication

**Year of Completion:** 2011

## Author

■

**Author:** David George

**Author Created:** photograph(s)

**Citizen of:** United States          **Domiciled in:** United States

**Page 1 of 2**

## Copyright claimant

**Copyright Claimant:** David George

2525 Arapahoe Avenue, E4-245, Boulder, CO, 80302

## Certification

**Name:** David George

**Date:** February 28, 2013

**Correspondence:** Yes

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VAu 1-156-361

**Effective date of registration:**

February 13, 2014

## Title

**Title of Work:** Travels 2 2010  172 Photos

5RC1,5RC10,5RC100,5RC101,5RC102,5RC103,,5RC104,5RC105,5RC106,5RC107,5RC108,5RC109,5RC11,5RC12,5RC13

5RC110,5RC111,5RC112,5RC113,5RC114,5RC114,5RC115,5RC116,5RC117,5RC118,5RC119,5RC12,5RC120,5RC121,5RC122

5RC123,5RC124,5RC125,5RC126,5RC127,5RC128,5RC129,5RC13,5RC130,5RC131,5RC132,5RC133,5RC134,5RC135,5RC136,

5RC137,5RC138,5RC139,5RC14,5RC140,5RC141,5RC142,5RC143,5RC144,5RC145,5RC146,5RC147,5RC148,5RC149,5RC155,

RC150,5RC151,5RC152,5RC153,5RC154,5RC155,5RC156,5RC157,5RC158,5RC159,5RC16,5RC160,5RC161,5RC162,5RC163,

5RC164,5RC165,5RC166,5RC167,5RC168,5RC169,5RC17,5RC170,5RC171,5RC172,5RC18,5RC19,5RC2,5RC20,5RC21,5RC22,

5RC23,5RC24,5RC25,5RC26,5RC27,5RC28,5RC29,5RC3,5RC30,5RC31,5RC32,5RC33,5RC34,5RC35,5RC36,5RC37,5RC38,5RC39,

5RC4,5RC40,5RC41,5RC42,5RC43,5RC44,5RC45,5RC46,5RC47,5RC48,5RC49,5RC5,5RC50,5RC51,5RC52,5RC53,5RC54,5RC55,

5RC56,5RC57,5RC58,5RC59,5RC6,5RC60,5RC61,5RC62,5RC63,5RC64,5RC65,5RC66,5RC67,5RC68,5RC69,5RC7,5RC70,5RC71,

5RC72,5RC73,5RC74,5RC75,5RC76,5RC77,5RC78,5RC79,5RC8,5RC80,5RC81,5RC82,5RC83,5RC84,5RC85,5RC86,5RC87,5RC88,

5RC89,5RC9,5RC90,5RC91,5RC92,5RC93,5RC94,5RC95,5RC96,5RC97,5RC98,5RC99,

## Completion/Publication

**Year of Completion:** 2011

## Author

Page 1 of 2

      **Author:**  David George

   **Author Created:**  photograph(s)

**Work made for hire:**  No

    **Citizen of:**  United States

## Copyright claimant ━━━━━━━━━━━━━━━━━━━━━

  **Copyright Claimant:**  David George

        2525 Arapahoe Avenue, E4-245, Boulder, CO, 80302

## Rights and Permissions ━━━━━━━━━━━━━━━━━━

     **Name:**  David George

    **Email:**  dlgeorge1@hotmail.com

  **Address:**  2525 Arapahoe Ave

        E4-245

        Boulder, CO 80302  United States

## Certification ━━━━━━━━━━━━━━━━━━━━━━━━━

     **Name:**  David George

     **Date:**  February 12, 2014