IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  15-cv-01315-RBJ-MJW

DAVID GEORGE,

Plaintiff,

v.

BONNIE LEIGHTON,
BARBARA SMITH,
COLORADO REAL ESTATE NETWORK, INC., and
JOYCE ANN WAYMAN,

Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

On August 21, 2015, Defendants Bonnie Leighton and Barbara Smith moved to dismiss the claims against them or to quash service, based on improper service. (Docket No. 22.)  On October 8, 2015, Defendants Leighton and Smith filed an Answer to the Complaint.  (Docket No. 51.)

In the reply in support of their motion to dismiss or quash, Defendants state:

> "Although Defendant Leighton and Defendant Smith were subsequently served with a full copy of the complaint and have filed an Answer (Docket No. 51), the first purported service on August 5 and August 18, 2015 should still be quashed as it was improper."

(Docket No. 55, p.4.)

The purpose of quashing a subpoena is to give a plaintiff another chance to effect service before dismissing the case.  *See Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983) ("We note that when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." (*citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1354, at 586-87 (1969))).  Defendants Leighton and Smith wholly fail to explain what they intend to accomplish through quashing the subpoena at this point.

Accordingly, Defendants Barbara Smith's and Bonnie Leighton's Motion to Dismiss and/or Motion to Quash Service (Docket No. 22) is DENIED AS MOOT.

Date: October 26, 2015