IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 15-cv-01315-MJW

DAVID GEORGE,

Plaintiff

v.

BONNIE LEIGHTON, BARBARA SMITH, COLORADO REAL ESTATE NEWTORK, INC, and JOYCE ANN WAYMAN

Defendant.

_____

**MADE SUBJECT TO REQUEST TO RESTRICT**

DEFENDANT JOYCE WAYMAN'S RESPONSE TO PLAINTIFF'S MOTION TO VACATE ORDER (DOC 73) AND ENFORCE OR VACATE THE SETTLEMENT AGREEMENT WITH DEFENDANT WAYMAN

_____

Defendant Joyce Ann Wayman, by and through her undersigned attorneys, hereby submits the following response to Plaintiff's Motion to Vacate Settlement as follows:

1

## I.  INTRODUCTION

Plaintiff has filed a motion claiming there has been a breach of the Settlement Agreement.  Defendant Wayman strenuously opposes Plaintiff's Motion inasmuch as it is neither grounded in fact, or law, and Plaintiff's position is directly contrary to the express wording of the Plaintiff's and Defendant's original settlement agreement, as well as, the intentions of the parties.  Furthermore, the case has been dismissed with prejudice, not subject to reopening especially in light of Wayman's compliance with her obligations under the settlement agreement. Although difficult to understand, it appears that George is seeking basing his "reinstatement" argument on "wallet drive" claims that he expressly agreed to release pursuant to the parties' settlement agreement. Further, Plaintiff has failed to confer, and does not state in his motion, which Rule or Statute that the motion is filed under, these being independent reasons to deny the motion. Accordingly, this Defendant seeks an Order from the Court denying Plaintiff's Motion.

## II. ARGUMENT

As this Court may recall, the Plaintiff's original Complaint asserted claims predicated on copyright infringement of certain photographs which Plaintiff contended were owned by him and utilized by the various real estate broker defendants for the purpose of marketing Defendant Wayman's personal residence. Plaintiff's original Complaint also made allusions to a "hard drive" or "wallet drive" which Defendant Wayman had in her possession and was owned by her. Apparently, unbeknownst to Ms. Wayman, Plaintiff had placed various images, or files on Ms.Wayman's wallet drive. <u>All</u> claims asserted by George were dismissed with prejudice.

During the litigation, settlement negotiations commenced, at which time all Defendants agreed to settle claims with the Plaintiff. Ms. Wayman's settlement is memorialized by way of a settlement agreement and mutual release which contains a confidentiality agreement. Mr. George has attached a portion of that agreement to Motion but not the entire agreement. Out of the abundance of caution Wayman files herewith and incorporates herein a Motion to Restrict.

As part of the settlement, Mr. George requested that Ms. Wayman provide Mr. George with the subject wallet drive. At no time did Ms. Wayman concede that the wallet drive belonged to Mr. George, nor that she was anyone other than the rightful owner of same. The wallet drive contained items and files that were placed on it by George and other items and files that were placed on it by Ms. Wayman. Ms. Wayman, for the purpose of expeditiously and reasonably ending litigation and in the spirit of compromise, agreed to furnish Mr. George with the wallet drive knowing that Mr. George was claiming the wallet drive was his (which it wasn't).

Even beyond obtaining a dismissal with prejudice of claims plead and asserted by George, Ms. Wayman wished to insulate herself from any allegations that she had done anything wrong with the wallet drive and its contents and thus sought to cover any such claimed exposure within the parties' Release. This was in consideration of Wayman relinquishing the drive to George. Accordingly, the Release at paragraph 3.1.2 expressly released wallet drive claims. See "Exhibit A."

In reaching their agreement, there was a "carve out" provision stated in

paragraph 3.1.2 for <u>other</u> copyright claims that Mr. George might claim to have as regards other photos or items that were not part of the copyright claims that were released and litigated as regards the underlying case involving residential marketing photographs. See "Exhibit A" Any such claims would obviously require a new and separate lawsuit.

Given the above, Mr. George's Motion to Vacate should be denied. The claims he is now asserting have been released and to the extent that he claims that other of his photos or items have been infringed by way of United States copyright law, his recourse would be to file a new action for separate infringement in the appropriate court of law for any such images.

Upon review of the parties' Settlement Agreement, the Court will note that the only obligation on Ms. Wayman was to simply furnish Mr. George with the wallet drive. See "Exhibit A," paragraph 4.2. She made no independent promise, guarantee or warranty that anything in particular would be on that drive. In any event, Ms.Wayman did nothing wrong with the drive nor remove items from the drive, but that is not a seminal point in light of the fact that her only contractual

duty was to provide the drive to Mr. George. Id. Plaintiff was to evaluate what was on the disc and return Wayman items to her. This task was to be completed in February of 2016. Mr. George completed this task and, notably, there was not one complaint by Mr. George or his attorneys about what was on or not on the drive. In fact, for the last six months or so, there was no assertion by either of them that an agreement had been violated, because it wasn't. Interestingly enough, Mr. George commenced a new and separate action against Ms. Wayman in the State of Florida, which alleged what he is alleging now and in that case, Mr. George took the position that such claims did not relate in any way to the Settlement Agreement with Ms. Wayman in the present case. See Exhibit B.

Although the Plaintiff does not indicate under which theory or legal basis he is proceeding, it may be that this court would not have jurisdiction over this motion in light of the previous dismissal. In McAlpin v. Lexingtion 76 Auto Truck Stop, Inc., et al 229 F.3d 491 (6th Cir. 2000), the Court cited with approval the Seventh Circuit opinion in Neuberg v. Michael Reese Hospital Foundation 123 F.3d 951 (7th Cir 1997). In Neuberg the court affirmed the district court's refusal to

interpret or enforce the parties' settlement agreement pursuant to rule 60 (b) because, like the defendants in <u>McAlpin</u>, the moving parties "were not really trying to reopen the dismissed suit, which would be the effect of a Rule 60 (b)(6) motion setting aside the final judgement," but were instead trying to get the judge to "interpret the agreement, giving them the benefit [of their bargain]." Id at 955; see also <u>National Presto Indus., Inc. v. Dazey Corp.</u>, 107 F.3d 1576, 1583 (Fed. Cir. 1997) (noting that a district court retains no inherent authority to enforce or interpret a settlement contract terminating the litigation).

In this case, George is simply seeking to re-litigate, claims he has already released and dismissed. Any "new" separate copyright claims would need to be initiated independently.

As for separate and additional grounds for denial, Plaintiff has failed to comply with D.C.Colo.LCIVR 7.1, in that there is no Rule or Statute specified within the motion nor has there been any attempt to confer with the undersigned.

Finally, to the extent the court engages in an interpretation of the settlement agreement it should be clear that Ms. Wayman did not breach the settlement

agreement and did what was required of her based on the expressed terms thereof and further based on the Plaintiff's own acknowledgment that she abided by the settlement agreement.

For these reasons the Defendant requests that the court deny the motion. To the extent Mr. George could conjure up claims against Ms. Wayman, they must be proven to be new claims not covered by the Settlement Agreement and Mr. George must file those Complaints in an original action in the appropriate court.

DATED this 11th day of July, 2016.

*s/ Christopher Kenney*
Christopher P. Kenney
Christopher P. Kenney, P.C.
3650 S. Yosemite St., Suite 409
Denver, CO 80237
303-504-4191

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing pleading was served on this 11th day of July to David George, via US mail to:

David George
2525 Arapahoe Avenue, E4-245
Boulder, CO 80302

> *s/Christopher P. Kenney*
> Christopher P. Kenney