IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 15-cv-01315-RBJ-MJW

DAVID GEORGE,

    Plaintiff,

v.

BONNIE LEIGHTON, Real Estate Broker, Southwest Realty,
BARBARA SMITH, Broker / Owner Southwest Realty,
COLORADO REAL ESTATE NETWORK, INC., and
JOYCE ANN WAYMAN,

    Defendants.

## ORDER

    David George moves to vacate an order entered by the Court granting a stipulated dismissal with prejudice of his claims against defendant Joyce Ann Wayman. For the reasons described in this Order, the motion is denied.

### BACKGROUND

    David George is a semi-retired photographer. In 2011 he apparently provided a number of photographic images of property in Cortez, Colorado to several real estate brokers, including Southwest Realty. In 2012 the images remained on Southwest's computer, but Southwest no longer had his permission to use them. Nevertheless, and over his objection, a Southwest broker named Bonnie Leighton used the images when it listed a property owned by Joyce Ann Wayman. Therefore, Mr. George filed this suit seeking injunctive relief and damages for violation of federal copyright laws. He named Ms. Leighton; Southwest's owner Barbara Smith;

1

a company called Colorado Real Estate Network, Inc. which operated a multiple listing service; and Ms. Wayman as defendants. *See* Complaint, ECF No. 1, at ¶¶ 9-27.

Of particular relevance to the present motion, Mr. George claimed that thousands of his images were on a hard drive (sometimes referred to in this case as a "wallet drive") that Ms. Wayman "physically removed . . . from the Plaintiff's control." *Id.* at ¶28. He alleged that Ms. Wayman "acknowledged taking the disk however stated it was in error and would return the hard drive so the images could be recovered." *Id.* at ¶29. However, she did not return the hard drive and did not respond to his attempts to contact her. *Id.*

In her Answer Ms. Wayman asserted, among other things, that she owned the hard drive; that she used it primarily for music; that Mr. George had sent the images to Ms. Leighton or Ms. Smith, and she believed she that had permission to use them; and that she did not know that Mr. George had put the images on her hand drive until sometime after he had done so. ECF No. 19 at ¶¶6, 8.

Mr. George was representing himself when he filed the case, but he later requested that the Court appoint counsel to represent him. Magistrate Judge Watanabe granted the motion, meaning that the Clerk of Court would attempt to find a volunteer lawyer who would represent Mr. George through the Court's civil pro bono program. A volunteer lawyer stepped forward and was appointed to represent Mr. George on November 4, 2015. ECF No. 60.

By approximately one month after the pro bono lawyer entered his appearance the parties had negotiated settlements. Between December 18 and December 24, 2015 stipulations of dismissal with prejudice executed by Mr. George and all defendants were filed. ECF Nos. 68, 69 and 70. The stipulations are all similar, but I focus on the Wayman stipulation because it is now

at issue. It is short and straightforward, providing in pertinent part that "all claims and counterclaims in this action made by Plaintiff against Defendant Wayman and made by Defendant Wayman against Plaintiff are hereby dismissed WITH PREJUDICE, subject to the terms of that certain agreement between them entitled "SETTLEMENT AGREEMENT" dated December 16, 2015." ECF No. 70. A copy of the Settlement Agreement was not filed with the Court. The Court entered orders granting the stipulations and dismissing the case with prejudice on December 28, 2015. ECF Nos. 71, 72, and 73.

The case is before the Court again because approximately six months after the case was dismissed Mr. George, once again representing himself *pro se,* filed the pending motion. He asks the Court to vacate its order dismissing the case as against Ms. Wayman and then either to vacate or enforce his settlement agreement and impose certain other relief. ECF No. 76. The essence of it is that Ms. Wayman to relinquish the hard drive pursuant to their settlement agreement, but he later discovered that his images had been deleted. *Id.* at 1. He wants the Court to order Ms. Wayman to produce the images, to sanction her, and to award damages to him. He claims that during a scheduling conference on September 17, 2015 the court (Magistrate Judge Watanabe) informed him that any destruction or deletion of information could result in serious sanctions, and he states that this Court should apply the same standard to Ms. Wayman. *Id.* at 2.

Ms. Wayman filed a response in which she emphasizes that the case was dismissed with prejudice, and that she complied with the settlement agreement. ECF No. 80. She again suggests that Mr. George placed the images on the "wallet drive," unbeknownst to her. *Id.* at 3. Although the wallet drive was hers, not Mr. George's, she agreed to give it to him in order to

accomplish a settlement. *Id.* at 4. She denies that she removed any images from the hard drive. *Id.* at 5. In any event, she made "no independent promise, guarantee or warranty that anything in particular would be on that drive." *Id.* She also advises the Court that Mr. George has since filed a separate action against her in Florida. *Id.* at 6.

In reply Mr. George emphasizes that the ownership of the hard drive is not important. ECF No. 83 at 1. Rather, the problem concerns content missing from the hard drive, and states that Ms. Wayman violated the court's instructions that were given at the scheduling conference. *Id.* at 2. He states, "The intent of the Plaintiff was for a full return of all images and property as the defendant was instructed." *Id.*

## FINDINGS AND CONCLUSIONS

Initially, although neither party raises it, I have some question about the Court's jurisdiction to provide any relief to Mr. George. He asserted jurisdiction in this case under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition). ECF No. 1 at 2. But his copyright claim was concluded when the case was dismissed with prejudice. The issues presented now are contract issues. I doubt that there would be ancillary jurisdiction to interpret or enforce the parties' settlement agreement at this point. *See Morris v. City of Hobart,* 39 F.3d 1105, 1110-12 (10th Cir. 1994).

I note, however, that Ms. Wayman was served with the original Complaint in Port St. Lucie, Florida. ECF No. 13. "[T]he relevant time period for determining the existence of complete diversity is the time of the filing of the complaint." *Siloam Springs Hotel, LLC v. Century Ins. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015). If one were to construe the present dispute as meeting the jurisdictional amount, then there might be diversity of citizenship

jurisdiction.  However, even assuming jurisdiction exists, I do not find a basis for re-opening the case at this point because Mr. George has made no showing that Ms. Wayman might not be in compliance with the settlement agreement.

Both parties refer to the requirements of their settlement agreement, but neither party has provided a complete copy of the agreement to the Court.  Plaintiff provided a copy of paragraph 4.2 of the settlement agreement.  ECF No. 76 at 17.  Ms. Wayman provided copies of paragraphs 3.1.2 and 4.2 of the agreement.  ECF No. 80-1.  I presume that the parties believe that these are the relevant terms, and that they would have provided copies of the rest of the settlement agreement had they believed it to be necessary.

The two paragraphs state,

> 3.1.2.  **Release of Hard Drive Dispute Claims.**  George, for himself and his agents, hereby forever releases, remises and discharges Wayman, and her agents, from any and all claims, demands, liabilities, contracts, suits, promises, accountings, judgments, executions, debts, damages, agreements, controversies, actions or causes of action of any type or nature whatsoever that he may have against Wayman or her agents, in law or equity, contract or tort, direct or indirect, whether known or unknown, foreseen or unforeseen, actual or potential, related to any acts of possession, use, conversion, trespass to chattel, or similar claims related to the Hard Drive Dispute existing as of the date of this Agreement.  This release does not extend to any claims arising under Title 17 of the United States Code (Copyright), or to disputes between persons not Parties to this Agreement.
>
> 4.2.  **Tender of Wallet Drive.**  Within 5 business days [of] this Agreement, Wayman will tender the Wallet Drive to George, and will relinquish to George any claim of ownership thereof.
>
> The parties agree that counsel for Wayman ("Guardian") may retain a copy of the contents of the Wallet Drive for evidentiary purposes only.  Guardian may retain the drive for (1) a period of 1-year following the execution of this Agreement, or (b) the 1099 Dispute has been resolved, whichever is later (Retention Period").  Wayman shall inform Guardian within 10 business days of resolution of the 1099 Dispute.

> During the Retention Period, Guardian may not copy or release the drive or any of its contents to any person, including to Wayman or George, except: pursuant to a valid court order; as necessary for Wayman's use to resolve the 1099 Dispute; or with the prior written consent of both George and Wayman. To the extent any such allowable disclosure is made to resolve the 1099 Dispute, Guardian shall release only those specific contents of the drive that shall be necessary as determined in the sole discretion of the Guardian within 5 days of the resolution of the 1099 Dispute. At the termination of the Retention Period, Guardian will destroy the preservation copy using secure date destruction methods.

Notably, the quoted paragraphs do not make any representations about the contents of the hard drive other than that the Guardian would not copy or release the contents except as necessary to resolve a 1099 dispute or as otherwise agreed by the parties or ordered by the Court. Simply put, Ms. Wayman agreed to give the hard drive to Mr. George. It is undisputed that she did that.

Mr. George believes that there were photographic images on the hard drive that belonged to him, and he states that it was his intent that he would get them back with the hard drive. Ms. Wayman disputes that she removed anything from the hard drive. What was on the hard drive, how it got there, and whether, when and by whom anything was removed appear to be disputed facts. But those disputes, and Mr. George's unilateral intent, are not material to whether there is cause for this Court either to vacate or to enforce the parties' settlement. Both parties, represented by counsel, negotiated the agreement. Ms. Wayman made no representations or promises in the agreement concerning Mr. George's images. Nor has there been any indication that Mr. George was fraudulently induced into entering into the agreement. Mr. George may wish that the agreement had been otherwise, but that gives the Court no authority to void the deal at this point.

## ORDER

For the reasons set forth above, the motion to vacate order and enforce or vacate the settlement agreement, ECF No. 76, is DENIED.

DATED this 10th day of November, 2016.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge